JOHN FRYER, plaintiff in error, vs. THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

The coroner has no vested right to hold an inquest over the bodies of persons found dead in his county, and to charge the county therefor, when the public laws of the State do not require such action.

Coroner. Inquest. Before Judge HALL. Henry Superior Court. October Term, 1873.

For the facts of this case, see the decision.

McDANIEL & WHITFIELD, for plaintiff in error.

SPEER & STEWART, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff, as coroner of the county of Henry, against the defendant, to recover damages for removing the dead bodies of seven persons from the limits of said county, by means whereof he was prevented from holding an inquest over the dead bodies of said seven persons and receiving his lawful fees therefor, as such coroner. The defendant demurred to the plaintiff's declaration, which demurrer was sustained by the Court, and the plaintiff excepted.

The plaintiff alleges in his declaration that the seven persons found dead were supposed to have been killed by a collision of cars. It is not made the duty of the coroner to hold an inquest over the dead bodies of all persons who he may find dead in his county. To have authorized him to hold an inquest over the dead bodies of the persons mentioned in his declaration, and to charge the county the fees allowed him by law for doing so, he should have alleged such facts as to the manner of their death, or that they came to their death under such circumstances as would have authorized him, under the law, to have held an inquest over their dead bodies, and that the defendant unlawfully prevented him from doing so, and

should have alleged such acts on its part as were unlaw-ful.   The 592 and 593d sections of the Code declare when an inquest shall not be necessary.   For aught that appears on the face of the plaintiff's declaration, the dead persons men-tioned therein were within the exceptions mentioned in those sections of the Code.   The plaintiff had no vested right, as coroner, to hold an inquest over the dead bodies of the persons named, and to charge the county therefor, when the public laws of the State did not require him to do so, and until he alleges such a state of facts and circumstances as made it his duty, under the law, to have held an inquest, the defendant has done him no injury by removing the bodies, even if he could maintain an action against it for his fees, if it had re-moved the dead bodies illegally.   If a prisoner was sentenced to be hung by the sheriff, and some one before the day of exe-cution should unlawfully kill him, it would hardly be con-tended, we suppose, that the sheriff could maintain an action against the party who killed the prisoner, for depriving him of his fees which he would have received for executing him if he had not been killed.

Let the judgment of the Court below be affirmed.